UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant,
White Castle System, Inc.

| | |
|---|---|
| ANNIE JUNIOR, and all others similarly situated<br><br>      Plaintiffs,<br><br>v.<br><br>WHITE CASTLE SYSTEM, INC., JOHN DOES(1-12) and XYZ CORPORATION (1-12),<br><br>      Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>ELECTRONICALLY FILED |

**TO:**    The Judges of the United States District Court
           For the District of New Jersey

**YOUR HONORS:**

    Defendant White Castle System, Inc. ("White Castle"), through its counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby submits this Notice of Removal pursuant to 28 U.S.C § 1441, *et seq.*, and states the following:

    1.    On information and belief, on or about February 4, 2011, plaintiff commenced a civil action against White Castle in the Superior Court of New Jersey, Hudson County, Law Division, Docket No. HUD-L-000720-11 (hereinafter, "State Action").

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant,
White Castle System, Inc.

| | |
|---|---|
| ANNIE JUNIOR, and all others similarly situated<br>   Plaintiffs,<br><br> v.<br><br>WHITE CASTLE SYSTEM, INC., JOHN DOES(1-12) and XYZ CORPORATION (1-12),<br><br>   Defendants. | Civil Action No.<br><br><br><br>**NOTICE OF REMOVAL**<br><br>ELECTRONICALLY FILED |

**TO:** The Judges of the United States District Court
   For the District of New Jersey

**YOUR HONORS:**

  Defendant White Castle System, Inc. ("White Castle"), through its counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby submits this Notice of Removal pursuant to 28 U.S.C § 1441, *et seq.*, and states the following:

  1. On information and belief, on or about February 4, 2011, plaintiff commenced a civil action against White Castle in the Superior Court of New Jersey, Hudson County, Law Division, Docket No. HUD-L-000720-11 (hereinafter, "State Action").

2. A true and accurate copy of the unsigned, undated Summons and the Complaint in the State Action received by White Castle are attached as Exhibit A.

3. On March 23, 2011, the Summons and Complaint were received by White Castle at its Columbus, Ohio corporate offices.

4. This Notice of Removal, which is being filed within 30 days of receipt of the Summons and Complaint in the State Action, is timely filed under 28 U.S.C. § 1446(b).

5. Plaintiff is a citizen of the State of New Jersey and resides in the City of Jersey City, Hudson County, New Jersey.

6. At the time the State Action was filed, White Castle was and continues to be a corporation organized and existing by virtue of the laws of the State of Delaware, with its principal place of business at 555 West Goodale Street, Columbus, Ohio 43216.

7. There was at the time the State Action was filed, and is at the present time, complete diversity of citizenship between plaintiff, White Castle and any other existing identifiable defendant, as contemplated by 28 U.S.C. § 1332 and by 28 U.S.C. § 1441. Therefore, there is no defendant that defeats the complete diversity of citizenship between plaintiff and White Castle.[1]

8. The Complaint contains three counts against White Castle seeking monetary damages for alleged discrimination, retaliation, and infliction of emotional distress and alleges that plaintiff was wrongfully terminated from her employment at White Castle (for which plaintiff's annual salary was $56,004, according to defendant's

---

[1] For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded pursuant to 28 U.S.C. § 1441(a).

records) in retaliation for exercising rights protected under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("LAD").

9. While New Jersey Court Rules prohibit specifically pleading the monetary amount sought in an action for unliquidated damages, the damages sought in the Complaint include compensatory damages for economic loss and emotional distress, punitive damages and an award of attorneys' fees.

10. Based on the Complaint, White Castle believes that plaintiff's alleged damages are sufficient to state that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.[2]

11. The requirement under 28 U.S.C. § 1446(b) that all defendants served with the Complaint join in the notice of removal has been satisfied as this Notice of Removal is being filed on behalf of White Castle, the only identifiable defendant in this matter.

12. Venue is proper in this District under 28 U.S.C. § 1441(a) because this District and vicinage embrace the place where the removed action has been pending.

---

[2] Punitive damages and reasonable attorneys' fees are recoverable under the LAD in appropriate circumstances. When punitive damages are recoverable, they are properly considered in determining whether the jurisdictional amount has been satisfied. Bell v. Preferred Life Assur. Society, 320 U.S. 238, 240 (1943); Golden ex. rel. Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004) (in measuring the amount in controversy, "[c]laims for punitive damages may be aggregated with claims for compensatory damages . . ."); Angus v. Shiley, Inc., 989 F.2d 142 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."); J.B. v. Bohonovsky, 835 F.Supp. 796, 799 n.4 (D.N.J. 1993) ("Because plaintiff has alleged a cause of action . . . for which punitive damages are available, the court concludes that plaintiff's complaint satisfies the minimum amount in controversy requirement."); see also Simmons v. PCR Technology, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) ("While attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive and emotional distress damages, the jurisdictional minimum is clearly satisfied.").

**WHEREFORE**, White Castle System, Inc. respectfully requests that the State Action be removed to this Court.

                                  McELROY, DEUTSCH, MULVANEY &
                                  CARPENTER, LLP
                                  Attorneys for Defendant,
                                  White Castle System, Inc.

BY:   /s/John J. Peirano
        John J. Peirano, Esq.
        1300 Mount Kemble Avenue
        P.O. Box 2075
        Morristown, New Jersey 07962-2075
        Telephone: (973) 993-8100
        Facsimile:  (973) 425-0161

Dated: April 21, 2011

# EXHIBIT A

HERBERT J. TAN, L.L.C.
ATTORNEYS AT LAW
744 BROAD STREET, 16TH FLOOR
NEWARK, NEW JERSEY 07102
TELEPHONE NO: (973) 735-2681
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| Annie Junior, <br> and all others similarly situated <br><br> Plaintiff, <br><br> vs. <br><br> White Castle System, Inc., John Does (1-12) and XYZ Corporation (1-12) <br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: HUDSON COUNTY <br> DOCKET NO.: HUD-L-000720-11 <br> CIVIL ACTION <br><br> COMPLAINT |

Plaintiff, through her attorney, Herbert J. Tan, by way of Complaint state:

### Preliminary Statement and Jurisdiction

1. Annie Junior is an African American female citizen of the United States, a resident of the City of Jersey City and State of New Jersey.

2. Defendant White Castle System, Inc, (hereinafter referred to as "Defendant Corporation") is a legal entity under the laws of New Jersey and within the meaning of N.J.S.A. 10:5-1 et seq. and was, at all times mentioned in the complaint, the employer of Plaintiff and the supervisory personnel acting as its agents.

3. Defendant John Doe (1-12) are managerial and supervisory agents or employees of Defendant Corporation who agreed together, and with others to retaliate against Plaintiff for making complaints about disparate treatment; and for subjecting Plaintiff to a hostile work environment. These defendants are joined individually and officially.

### STATEMENT OF CLAIM

4. Plaintiff Junior had faithfully served Defendant Corporation for a 25+ years.

5. Plaintiff alleges that the Defendant Corporation maintains a pattern of discrimination in employment on the basis of gender and race. As part of that pattern and practice, the Defendant:

   a. Fails to maintain a hiring, promotion and transfer policy based on objective job-related criteria that are uniformly applied to African-American women.

   b. Fills managerial openings through word of mouth recruiting which unfairly restricts the hiring, promotion and transfer of qualified African-American women.

   c. Fails to promote African-American women to higher level managerial job classifications.

   d. Limit promotional opportunities for African-American women by failing to provide training opportunities accorded to non African-American women.

   e. Relegates African-American women to jobs with less visibility, prestige, responsibility and prospects for promotion than those held by equally qualified non-African-American women.

   f. Assigns and/or promotes and/or transfers African-American women to more dangerous work areas and/or departments than those to which men are assigned, promoted or transferred to.

   g. Denies African-American women the opportunity accorded to equally or less qualified men to handle supervisory assignments thus limiting African-American womens' acquisitions of professional contacts and recognition necessary for promotional prospects.

   h. Selects employees for positions on the basis of criteria which have not been shown to be relevant and necessary to job performance and which are not uniformly applied to African-American women.

   i. Relegate women disproportionately to jobs with less responsibility, prestige and prospects for promotion than those held by equally qualified men.

j. Disciplines African-American women employees more harshly as compared to non African-American female employees.

16. The policies described above are part of a pattern and practice of sex and/or race discrimination utilized by the Defendant and constitute a violation of N.J.S.A. 10:5-1 et seq., also known as the Law Against Discrimination.

## RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court:

(1) Rule that the matter is properly maintained as a class action;

(2) Enter a judgment declaring that the acts and practices of the Defendant are in violation of the laws of the State of New Jersey;

(3) Award Compensatory damages;

(4) Award Pre-judgment interest;

(5) Award Post-judgment interest;

(6) Award Punitive damages;

(7) Award Costs of suit;

(8) Award Reasonable attorneys fees as provided by New Jersey's Law Against Discrimination and

(9) Grant Plaintiff and the class they represent such other and further relief as the Court deems just and equitable.

## SECOND COUNT

17. Plaintiff repeats the allegations of the First Count as if fully restated herein.

18. Throughout her employment Plaintiff complained about discrimination.

19. In retaliation for complaining about discrimination, Plaintiffa was retaliated against in the

following manner:

    a. Plaintiff was subjected to a hostile work environment.

    b. Plaintiff was given downgraded work reviews.

    c. Plaintiff was unnecessarily disciplined.

    d. Plaintiff was forced to sign false disciplinary actions.

    e. Plaintiff was publicly humiliated by upper management supervisors.

    f. Plaintiff was not allowed to apply for upper management positions.

    g. Plaintiff was subjected to derogatory racial comments.

    h. Plaintiff was alienated from any decision making authority.

    i. Plaintiff was demoted.

    j. Plaintiff was denied further training opportunities.

    k. Plaintiff was terminated.

20. Said allegations amount to violations of *N.J.S.A.* 10:5-1 *et seq.*, also known as the Law Against Discrimination due to retaliation for complaining about discriminatory conduct.

21. As a consequence of the aforementioned acts, plaintiff has been damaged as previously set forth.

WHEREFORE, Plaintiff requests judgment against all defendants for monetary damages, both compensatory and punitive, both past and prospective, both several and joint plus costs, and interest for violation of New Jersey's Law Against Discrimination.

### THIRD COUNT

23. Plaintiff repeat the allegations of the previous paragraphs as if fully restated herein.

24. Defendant's actions amounted to negligent, reckless and intentional infliction of severe emotional distress on Plaintiff.

25. Defendant's actions have been consented to by persons high in the Defendant company who

are in policy making positions and have negligently, recklessly or intentionally allowed Defendant to discriminate and/or retaliate against Plaintiff.

26. As a consequence Plaintiff have been harmed.

**WHEREFORE**, Plaintiff requests judgment for monetary damages both compensatory and punitive plus costs, interest and attorneys fees.

### JURY DEMAND

Plaintiff request for a jury as to all issues set forth in the complaint except those relating to class action certification.

HERBERT J. TAN, L.L.C.
*Attorney(s) for the Plaintiff*

By: Herbert J. Tan

### DESIGNATION OF TRIAL COUNSEL

Herbert J. Tan, Esq., is hereby designated as trial counsel for the above captioned matter.

HERBERT J. TAN, L.L.C.
*Attorney(s) for the Plaintiff*

By: Herbert J. Tan

### CERTIFICATION

I hereby certify that to the best of my knowledge, the within matters in controversy are not the subject of any other action pending in any other Court or of a pending arbitration proceeding nor is any action or arbitration proceeding contemplated nor are other parties required to be joined in this action.

HERBERT J. TAN, L.L.C.
*Attorney(s) for the Plaintiff*

By: *Herbert J. Tan*

Dated: February 4, 2011

RECEIVED

MAR 2 3 2011

| | |
|---|---|
| Attorney(s)  HERBERT J. TAN, ESQ. | **Superior Court of** |
| Office Address  744 BROAD STREET, 16TH FLOOR | **New Jersey** |
| Town, State, Zip Code  NEWARK, NJ 07102 | |
| Telephone Number  (973) 735-2681 | Hudson          COUNTY |
| Attorney(s) for Plaintiff | LAW             DIVISION |

ANNIE JUNIOR AND THOSE SIMILARLY SITUATED

Docket No: HUD-L-720-11

Plaintiff(s)

Vs.
WHITE CASTLE SYSTEM, INC., ET AL.

**CIVIL ACTION SUMMONS**

Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Jennifer M. Perez,
Acting Clerk of the Superior Court

DATED: _____

Name of Defendant to Be Served:  WHITE CASTLE SYSTEM, INC.

Address of Defendant to Be Served:  555 W. Goodale St., COLUMBUS, OHIO

NOTE: The Case Information Statement is available at www.njcourts.com.

Revised 09/01/2010, CN 10792-English (Appendix XII-A)                                page 1 of 4